**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 20, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP317-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF184

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

BEN D. KINGSLEY,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Ben D. Kingsley appeals a judgment convicting him of strangulation and suffocation, intimidating a victim, and intentionally subjecting an individual at risk to abuse, all as a repeater.  He also appeals an order denying his postconviction motion for a new trial on the grounds of ineffective assistance of counsel.  Kingsley argues that he received constitutionally ineffective assistance because his trial counsel: (1) failed to present a coherent theory of defense; (2) misstated the burden of proof to the jury; (3) failed to impeach the victim, K.K.,[1] with prior inconsistent statements; and (4) failed to object to certain testimony as improper vouching.  Kingsley also contends he is entitled to a new trial based on the cumulative effect of these errors.  We affirm.

¶2    The charges arose from an altercation between Kingsley and his mother, K.K., in July 2021.  K.K. testified at trial that she allowed Kingsley to move into her trailer home.  She testified that he arrived with his girlfriend, Candy Kangas, Kangas's children, two pet rats, and a very large Newfoundland dog named Raina.  K.K. testified that the arrangement became intolerable because of dog hair, fingerprints on her windows, and conflict between Raina and her cat.

¶3    K.K. testified that after she returned home from a concert and found dog feces on her living room carpet, matters came to a head.  The next morning, according to K.K., Kingsley threatened her, repeatedly poked her in the chest, grabbed her by the throat, impeded her breathing, and took her phone when she tried to call for help.  K.K. demonstrated the choking for the jury and testified that Kingsley used his right hand.  She testified that she went to the police station to

---

[1]  We use initials for the victim pursuant to WIS. STAT. RULE 809.86(4) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

report the incident several days later when she told her brother what happened and he gave her a ride there.

¶4     Detective Daniel Kucharski testified that the marks on K.K.'s body were consistent with the events she described and with strangulation injuries generally.

¶5     Kangas testified for the defense.  She denied seeing Kingsley physically assault K.K.  She testified that she and the children were at K.K.'s home several days per week.  She also said that the Newfoundland dog, called Raina, was excitable, had injured people before, and occasionally jumped on K.K.

¶6     The jury found Kingsley guilty of all charges.  Kingsley later filed a postconviction motion alleging ineffective assistance of counsel.  After an evidentiary hearing, the circuit court denied the motion.  Kingsley appeals.

¶7     To prevail on an ineffective assistance claim, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  If the defendant fails to prove one prong, we need not address the other.  *Strickland*, 466 U.S. at 697.  We uphold the circuit court's findings of historical fact unless they are clearly erroneous.  *State v. Arrington*, 2022 WI 53, ¶34, 402 Wis. 2d 675, 976 N.W.2d 453.  However, whether counsel performed deficiently and whether any deficiency was prejudicial are questions of law we review independently.  *Id.*  To establish prejudice, Kingsley must show a reasonable probability of a different result if the alleged deficiencies had not occurred. *State v. Trawitzki*, 2001 WI 77, ¶44, 244 Wis. 2d 523, 628 N.W.2d 801.

¶8     Kingsley first argues that counsel failed to present a coherent theory of defense.  He contends counsel should have more clearly tied together three

points: that Kingsley did not assault K.K.; that K.K. had a motive to fabricate because she wanted Kingsley and the others out of her home; and the dog was an innocent alternative cause of K.K.'s injuries. Assuming without deciding that counsel performed deficiently in not presenting those points more cohesively, Kingsley has not shown prejudice.

¶9 The jury heard the substance of that defense. It heard that K.K. was unhappy with the living arrangement, that Raina was large and excitable, that Raina had injured people before, and that Kangas denied any physical assault by Kingsley. Kingsley has not shown a reasonable probability that a more polished presentation tying these facts together would have produced a different verdict.

¶10 Kingsley next argues that counsel performed deficiently by incorrectly stating the burden of proof during opening arguments. Defense counsel told the jury: "Okay. So as [the prosecutor] mentioned, the State has the burden of proof. We have the burden to basically show it didn't happen, and then he will go after that, so I'll present our testimony right now." Defense counsel's statement was incorrect. Kingsley has not, however, shown prejudice.

¶11 The jury was repeatedly instructed that the State bore the burden of proof and that Kingsley was not required to prove his innocence. During voir dire, before testimony, and again at the close of the evidence, the circuit court gave the jury those instructions. The prosecutor also told the jury that the State had the burden of proof and that Kingsley had no obligation to present evidence. We presume jurors follow the court's instructions. *See State v. Dorsey*, 2018 WI 10, ¶55, 379 Wis. 2d 386, 906 N.W.2d 158. On this Record, Kingsley has not shown a reasonable probability that counsel's isolated misstatement affected the verdict.

¶12    Kingsley next argues that counsel was ineffective for failing to impeach K.K. with prior inconsistent statements.  At trial, K.K. testified that Kingsley used one hand and choked her for about 10-20 seconds.  Kingsley points to prior statements in which K.K. reported that Kingsley used two hands and choked her for 30-45 seconds.  Again, Kingsley has not shown prejudice.

¶13    The substance of the inconsistencies reached the jury.  Counsel elicited from Detective Kucharski that K.K.'s description of the choking had changed over time, including the length of time involved.  Counsel also challenged K.K.'s credibility in other ways, including her delay in reporting, her access to her phone after the incident, and her conduct toward Kingsley in the days that followed.  On this Record, Kingsley has not shown a reasonable probability that direct impeachment on these additional points would have changed the outcome. *See State v. Norman*, 2003 WI 72, ¶¶50-53, 262 Wis. 2d 506, 664 N.W.2d 97.

¶14    Kingsley next argues that counsel should have objected to Detective Kucharski's testimony as improper vouching.  The detective testified that K.K.'s injuries were consistent with the events she described and with strangulation injuries generally.  We again need not decide deficiency because Kingsley has not shown prejudice.

¶15    On cross-examination, counsel obtained concessions from Detective Kucharski that there could be alternative explanations for the bruising and that a large dog jumping on someone could possibly have caused the injuries.  The jury therefore heard both the detective's testimony and the defense's alternative explanation.  Even assuming an objection should have been made, Kingsley has not shown a reasonable probability that the result would have been different had the challenged testimony been excluded or limited.

5

¶16    Kingsley finally argues that the cumulative effect of counsel's alleged errors undermines confidence in the verdict. "[W]hen a court finds numerous deficiencies in a counsel's performance, it need not rely on the prejudicial effect of a single deficiency if, taken together, the deficiencies establish cumulative prejudice." *See State v. Thiel*, 2003 WI 111, ¶59, 264 Wis. 2d 571, 665 N.W.2d 305.

¶17    We conclude that the aggregate of the effects of multiple incidents of alleged deficient performance did not prejudice Kingsley. The jury heard the defense themes that K.K. had reason to want Kingsley out of her home, that Raina may have caused the injuries, and that K.K.'s account had weaknesses. The jury also heard K.K.'s testimony, saw photographs of her injuries, and heard Detective Kucharski's testimony regarding those injuries. Considering the Record as a whole, Kingsley has not shown a reasonable probability of a different result. Because Kingsley has not established prejudice, his ineffective assistance claims fail. *See Strickland*, 466 U.S. at 697.

*By the Court*.—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

6